**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 22-02651-EG |
| Lucas Nathaniel Brown, Sr., | Chapter 13 |
| Debtor(s). | **AMENDED ORDER APPOINTING GUARDIAN AD LITEM PURSUANT TO 1004.1**[1] |

**THIS MATTER** came before the Court for hearing on November 3, 2022, on the *Motion to Appoint Representative for Debtor* ("Motion") filed on behalf of Lucas Nathaniel Brown, Sr. ("Debtor"), requesting that the Debtor's son, Lucas Nathaniel Brown, Jr. ("Intended Representative"), be appointed as the Debtor's representative in this case pursuant to Fed. R. Bankr. P. 1016.[2]

## FINDINGS OF FACT

Prior to this case, the Debtor filed three other Chapter 13 cases with the assistance of different counsel. On August 2, 2019, the Debtor filed the first Chapter 13 case,[3] which was dismissed on December 12, 2019 for failure to file a confirmable plan.[4] On January 31, 2020, the Debtor filed the second Chapter 13 case,[5] which was dismissed approximately a year later, on January 8, 2021, for failure to make plan payments.[6] On September 28, 2021, the Debtor filed the third Chapter 13 case,[7] which was dismissed on August 8, 2022 for failure to make payments pursuant to a settlement agreement with the Chapter 13 Trustee.[8] The Motion indicates the

---

[1] This order is being amended to correct typographical errors in the original order entered on November 7, 2022 (ECF No. 25). The findings of fact and conclusions of law remain the same.
[2] ECF No. 16.
[3] C/A No. 19-04099-jw, ECF No. 1.
[4] C/A No. 19-04099-jw, ECF No. 33.
[5] C/A No. 20-00556-jw, ECF No. 1.
[6] C/A No. 20-00556-jw, ECF No. 34.
[7] C/A No. 21-02510-eg, ECF No. 1.
[8] C/A No. 21-02510-eg, ECF No. 47.

1

Debtor's daughter provided some assistance to the Debtor in the previous cases, but no representative for the Debtor was sought or appointed in any of those cases. Additionally, the Debtor's present counsel stated the reason a representative was being requested in this case was due to the belief, given the outcome of the prior cases, that a representative would be in the best interest of the Debtor and creditors given the Debtor's inability to manage his affairs.

On September 29, 2022, the Debtor filed his fourth Chapter 13 case with the assistance of his present counsel to begin the above case. The petition is signed on behalf of the Debtor by the Intended Representative as "Next Friend 1004.1 FRBP". Other documents in the case have been signed in the same manner, including the schedules and statements[9] and plan.[10] On October 13, 2022, the Debtor filed and served the Motion on the entire mailing matrix. The Chapter 13 Trustee, James M. Wyman ("Trustee"), filed a Notice of No Objection to the Motion, and no objections were filed. The Motion states the Debtor has cognitive and memory deficiencies due to a stroke he had "several years ago" and requires the Intended Representative to act on his behalf. The Motion also states the Intended Representative contributes $1,500.00 a month to the Debtor's household, as also reflected on Schedule I.

At the hearing on this matter, the Debtor, his counsel, the Intended Representative, and the Trustee appeared. The Debtor testified under oath that he has impaired understanding and memory likely due to a stroke "a couple years [ago]"; as a result, he needs help managing his financial affairs. He further testified that he desired the Court to allow the Intended Representative to help him in this case. It was apparent that the Debtor had great difficulty understanding the questions being asked and recalling prior events, and his testimony regarding whether he had executed a general power of attorney was inconsistent. The Intended Representative also testified under oath

---

[9] ECF No. 13, filed Oct. 12, 2022.
[10] ECF No. 14, filed Oct. 12, 2022.

2

and noted that his father suffered a stroke around 2009 or 2010 and currently has impaired understanding and memory. The Intended Representative further testified he lives with the Debtor, has lived with the Debtor his entire life, and is familiar with the Debtor's financial situation. He further testified he did not assist the Debtor during the prior bankruptcies. The Intended Representative indicated that while the Debtor executed a "healthcare power of attorney", the Debtor has not executed a general power of attorney.

## DISCUSSION & CONCLUSIONS

Although the Motion was filed pursuant to Fed. R. Bankr. P. 1016, it appears that that Rule is not applicable in this situation. Rule 1016, in fact, addresses the continuation of a bankruptcy case as a result of the debtor's death or incompetency that occurs *after* the case has been filed and is pending. Here, the Debtor is alleged to have been incompetent at the time the petition was filed; accordingly, Fed. R. Bankr. P. 1004.1 is the rule that applies in this situation. *See In re Maes*, 616 B.R. 784, 796 (Bankr. D. Colo. 2020) (noting that if the debtor was incompetent when the petition was filed, Rule 1004.1 applies; if the debtor became incompetent after the commencement of the case, Rule 1016 applies). Fed. R. Bankr. P. 1004.1 provides:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

The Court must determine the following issues: (1) whether the Debtor was incompetent at the time of filing the petition and remains so; (2) whether the Debtor had a duly appointed representative at the time of filing the petition; (3) if the Debtor did not have a duly appointed representative at the time of filing the petition, whether the Intended Representative qualifies as a

3

next friend for purposes of filing the petition; and (4) whether the Intended Representative should be appointed as guardian ad litem. *See Maes*, 616 B.R. at 796-97 (outlining decision tree in which the Court must engage when representative is sought for incompetent debtor).

## I. DEBTOR'S COMPETENCE

By its plain terms, Rule 1004.1 only applies if the Debtor has first been determined to be incompetent. *See also In re McGlohon*, Case No. 15-06165-5-JNC, 2016 WL 552332, at *3 (Bankr. E.D.N.C. Feb. 10, 2016) ("[Rule] 1004.1. . .condition[s] the appointment and use of a guardian ad litem on finding a party to be incompetent."). Courts interpreting Fed. R. Civ. P. 17(c)[11] "look to the law of the state in which the subject is domiciled and follow the state's incompetency laws." *In re Whitehead*, No. 05-50136, 2005 WL 1819399, at *4 (Bankr. M.D.N.C. July 22, 2005) (citing *Matchem v. Frank*, 998 F.2d 1009, 1010 (4th Cir. 1993); *Siers v. Greiner*, 983 F.2d 1057, 1058 (4th Cir. 1993)).

Under South Carolina law, "[m]ental incompetence is established by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs." *Grapner v. Atl. Land Title Co., Inc.*, 307 S.C. 549, 551, 416 S.E.2d 617, 618 (1992) (citing *Thompson v. Moore*, 227 S.C. 417, 88 S.E.2d 354, 356 (1955); *Rogers v. Nation*, 284 S.C. 330, 326 S.E.2d 182, 185 (Ct. App. 1985)). "It is not necessary to prove mental incompetence by an adjudication of incompetency." *Id.* at 550-51, 416 S.E.2d at 618 (citing *Thompson*, 88 S.E.2d 354). "Conversely, an adjudication of incompetency is but *prima facie* evidence of that fact." *Id.* at 551, 416 S.E.2d at 618 (citing *Church v. Trotter*, 278 S.C. 504, 299 S.E.2d 332 (1983)). The party alleging incompetence bears the burden of proving incompetence by a preponderance of the evidence. *Id.* (citations omitted).

---

[11] Fed. R. Civ. P. 17(c) is nearly identical to Fed. R. Bankr. P. 1004.1 and is applicable to contested matters and adversary proceedings through Fed. R. Bankr. P. 9014 and 7017.

4

The testimony of the parties at the hearing indicated that the Debtor suffered from a stroke some years ago and has had a continuing decline in his ability to understand and remember. At the hearing, it was apparent that the Debtor had significant difficulty understanding the questions that were asked of him and in recalling prior events, and at times appeared extremely confused. Moreover, no party in this case has challenged the assertion that the Debtor is incompetent. Accordingly, the Court concludes that the Debtor was incompetent at the time of filing the petition and remains so.

## II.   DULY APPOINTED REPRESENTATIVE FOR DEBTOR

The testimony of the Intended Representative indicates the Debtor recently executed a "healthcare power of attorney" appointing him as the Debtor's representative. While neither the parties nor Debtor's counsel explained what terms were contained in this power of attorney, and such document is not in the record of the Court, ostensibly such a power of attorney empowers the holder thereof only to make healthcare decisions on the Debtor's behalf – not financial or other decisions. It is not sufficient for the holder of a healthcare power of attorney to qualify as a representative for purposes of Rule 1004.1, and there is no other evidence of a duly appointed representative for the Debtor. Accordingly, the Court concludes the Debtor did not have a duly appointed representative at the time of filing the petition or thereafter.

## III.   INTENDED REPRESENTATIVE AS NEXT FRIEND

"In the bankruptcy context, the term 'next friend' is 'broad enough to include anyone who has an interest in the welfare of an infant [or incompetent person] who may have a grievance or a cause of action.'" *Maes*, 616 B.R. at 799 (quoting *In re Zawisza*, 73 B.R. 929, 936 (Bankr. E.D. Pa. 1987)). "[T]he 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some

significant relationship with the real party in interest. The burden is on the 'next friend' clearly to establish the propriety of his status." *Id.* at 800 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

The Intended Representative testified he is the Debtor's son, lives with the Debtor, has lived with the Debtor his entire life, and is familiar with the Debtor's financial situation. Additionally, the evidence indicates the Intended Representative contributes $1,500.00 a month to the Debtor's household. Under these circumstances, the Court finds that the Intended Representative has the best interests of the Debtor at heart and therefore qualifies as a next friend for purposes of filing the petition. Accordingly, his filing of the petition on the Debtor's behalf was proper under Rule 1004.1.

### IV. APPOINTMENT OF INTENDED REPRESENTATIVE AS GUARDIAN AD LITEM

Although the Intended Representative properly filed the petition on the Debtor's behalf as a next friend, the Intended Representative cannot continue prosecuting the case in that capacity. *Maes*, 616 B.R. at 797 (citing *In re Sniff*, Case No. 15–18086 TBM, 2015 WL 7351477, at *3 (Bankr. D. Colo. Oct. 6, 2015)) ("[I]f only a 'next friend' started the bankruptcy proceedings, then the Court must appoint a guardian ad litem or take other action to protect the incompetent debtor; the Court cannot just let the 'next friend' continue along in prosecuting the bankruptcy case."). This is because a next friend is not a fiduciary with specific duties and obligations. *Maes*, 616 B.R. at 801. Moreover, the plain terms of Rule 1004.1 do not provide for the appointment of a "next friend", but instead provide the Court must determine whether to appoint the Intended Representative as guardian ad litem or make another order to protect the Debtor. *See* Fed. R. Bankr. P. 1004.1 ("The court shall appoint a guardian ad litem for an . . . incompetent person who

6

is a debtor and is not otherwise represented or shall make any other order to protect the. . .incompetent debtor."); *Maes*, 616 B.R. at 801.

"While 'unusual and extraordinary,' the appointment of a guardian ad litem for an incompetent debtor by a bankruptcy court is available and provided for in Rule 1004.1." *McGlohon*, Case No. 15-06165-5-JNC, 2016 WL 552332, at *1 (quoting *Whitehead*, No. 05-50136, 2005 WL 1819399, at *1). "A bankruptcy court has the power to appoint a guardian ad litem for the limited purpose of facilitating the bankruptcy case." *Id.* (citations omitted).

The Court finds that the Intended Representative should be appointed as guardian ad litem pursuant to Rule 1004.1 for the limited purpose of pursuing this case on behalf of the Debtor. No representative for the Debtor was sought or appointed in the Debtor's prior cases, and each of those cases ended in dismissal due to the Debtor's failure to file documents or make payments. The outcome of the Debtor's prior bankruptcy cases and the testimony at the hearing support the conclusion that the Debtor is not competent to manage his financial affairs and requires the assistance of a representative. As indicated above, the Intended Representative has shown he is willing and able to pursue the Debtor's interests and is well-positioned to do so.

**IT IS, THEREFORE, ORDERED:**

1. Lucas Nathaniel Brown, Jr. is appointed guardian ad litem pursuant to Fed. R. Bankr. P. 1004.1 for the limited purpose of prosecuting and administering this bankruptcy case on behalf of the Debtor;

2. Lucas Nathaniel Brown, Jr. shall act as a fiduciary for the Debtor, and shall not be entitled to compensation for his role as guardian ad litem for the Debtor;

3. Lucas Nathaniel Brown, Jr. may exercise all the rights and powers of a debtor in a Chapter 13 case, on behalf of the Debtor, under 11 U.S.C. § 1303;

4. Lucas Nathaniel Brown, Jr. may execute all required documents in this case as follows: "Lucas Nathaniel Brown, Sr. by Lucas Nathaniel Brown, Jr. as Guardian ad Litem by Court Order"; and

5. If Lucas Nathaniel Brown, Jr. wishes to expand his authority beyond that provided by this Court for this bankruptcy case, he must obtain such appointment and authority under state law in state court.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**11/14/2022**



Entered: 11/14/2022

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

8